**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE MEDINA-MONTES,

    Defendant - Appellant.

No. 10-3299
(D.C. No. 6:05-CR-10121-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

On February 2, 2008, Jorge Medina- Montes pled guilty to two Counts of possession and distribution of methamphetamine. He was sentenced to 144 months incarceration, 72 months below the lowest advisory guidelines sentence. On March 18, 2010, he filed a thinly-disguised motion for reduction of sentence, characterizing it as a request for a ". . . speedy clarification as to the sentence and or calculation of his

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

substantial assistance under Rule 35." (R. Vol. 1 at Doc. 362.) It claimed he received insufficient credit for his cooperation with the government under § 5K1 of the sentencing guidelines (before sentencing, the government twice moved to reduce his sentence because of his cooperation, both of which were granted. He has made no post sentencing motions.) For good reasons the court summarily dismissed his motion. About three months later, he filed yet another motion to reduce sentence, this time claiming a reduction was appropriate under 18 U.S.C. § 3582(c)(2) because Rule 35 had been amended. As there had been no change to the relevant *sentencing guidelines* his request was again summarily denied. He then filed a motion for reconsideration, which was denied because it was "untimely and . . . [had] no factual or legal merit." (*Id*. at 92.) He appeals from that decision.

Repeated frivolous motions abuse the criminal process. This frivolous appeal abuses the appellate process, justifying summary treatment. AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge